Good morning, your honors. May it please the court. My name is Joseph McMullen for Mr. Alvarado-Pineda, the appellant. I'll try to reserve the last couple of minutes of my time for rebuttal. Okay. Keep your eye on the clock. It counts down. Will do. Your honor, the district court erred when it held that it could not consider the only evidence offered by – the essential elements of the crime of conviction in this case. The only factual evidence that was offered in support of the element of a 1326 offense, which is a prior removal, was the 2006 removal order, a stipulated removal, as well as the 2010 reinstatement of that order. The district court did not weigh in on whether there was a valid due process challenge and prejudice. It did not get to either of those issues because in the order dismissing the – denying the motion to dismiss, the district court held that it could not consider that challenge whatsoever because of a prior plea agreement in which the court held that Mr. Alvarado-Pineda had prospectively waived any right to later challenge a prior removal order, which is simply not the case. One area that's very important that I think we look at is in the government's brief, the sort of sleight of hand of this argument, if we look at the answer at page 9, the government says, and I quote, as for future collateral attacks of his removals, plural, Alvarado waived any right to do so. But if we look at the language in the 2007 plea agreement, it's clear that what was being waived was any challenge to a removal in the future. The language there is either before or immediately following sentencing, defendant agrees to an order of removal. And further down in the stipulation, the defendant further waives any right to appeal, reopen, or challenge the removal order. So this was not somehow insulating from review prior removal orders that occurred before this plea agreement. And that's exactly what the challenge to this removal order was. It was a challenge to the 2006 removal order. So the 2007. But the 2006 is the one that you stipulated to. The 2006 order, Your Honor, to be clear in the stipulation, it is clear in there, and we made clear with the court, that we were preserving our challenge to that removal order. We stipulated that that removal order occurred, and in the context of that stipulation. You stipulated that would be in 2010. What happened in 2006? Did you stipulate to a removal, an order of removal? Your Honor, in 2006, there was a stipulated removal order by Mr. Alvarado Pineda. Okay. So he stipulated to his removal. Correct. Okay. And there is a due process challenge to that removal order. Where was the due process challenge if you stipulated to it? The due process challenge, Your Honor, had to do with the same grounds that the court recently found a due process violation in the Riavaca case. And in that case, the issue was that Mr. Alvarado Pineda did not have counsel at the time. The terms of the stipulation were not explained to him. He didn't have notice of it. There was a declaration in the motion to dismiss, in this case, that was submitted, in which he indicated generally the same things that were recently found in the Riavaca case, that the order was not explained to him by the immigration officer at the time of the stipulated removal. If you stipulate to removal, and preserve your challenge, what's the use of preserving the challenge if you're going to stipulate to your removal? I don't understand how you can sort of have it both ways. Your Honor, I think that what I probably need to do is explain. I'm going to jail, but I don't agree. I mean, it sounds like an alpha plea or something. Sure. Let me make sure that I'm clear about the different stipulations that we're talking about. In this case, in the criminal case, before the district court, there was a bench trial in which the defense stipulated that that removal had occurred and that we were preserving our due process challenge to that removal. That particular removal in 2006, though, the due process of that stipulation is what was challenged in the motion to dismiss. And we believe that there's grounds upon which that motion to that deportation, that removal in 2006, violated due process. And so in this. Because it's based on previous criminal acts that he committed. Because at the time of the stipulation, he was not afforded the opportunity to have proper notice of what he was being charged with because he didn't have somebody explain it to him. And that's what this declaration suggests. So I think that the terminology here in calling that a stipulated removal. The bottom line is this, Your Honor. The fact in 2006 that there was a removal, that is something under 1326D that in the criminal case we should have been able to challenge. And we were not able to challenge that because the court determined that it wasn't going to reach the merits of the challenge. What's the merits of your claim? The merits of this. It appears that we have an aggravated felony that's a crime of violence under 16B. I understand, Your Honor. And the court has, I'm sorry, the government has focused a lot on that. The challenge here, Your Honor, is that this was structural error. Because we weren't afforded even the opportunity to have the court consider a challenge to the only facts offered for one essential element. In U.S. v. Smith-Baltimore. When you say one essential element, you're referring to? The essential element being the fact of a removal, of a valid removal order. For there to be a conviction under 1326. But if he's been convicted of an aggravated felony that would be a crime of violence under 16B, then he doesn't have a process challenge remaining, does he? Your Honor, if the district court found that, that's absolutely correct. But the district court didn't get to that issue. And you would like to send it back to the district court. And I'm asking you, why should we do that if it appears obvious on the face of the record that he's got a 16B, a crime that qualifies under 16B? Because it was structural error. This is not the whole body of case law about us having to move on to prejudice. But if it's obvious on the face, counsel, why would we send that back? That's a pure decision of law. All of the cases that suggest that that is the right thing to do if you can see that there's no prejudice on the face are cases in which there's a challenge to the due process determination by the district judge. In this case, the judge didn't even reach the challenge. And that's a problem. I quote from Smith-Voltaire, 424F3913, quote, barring a defendant from challenging an element of the crime is structural error, end quote. That's what happened here. But if there's – but if the element of the crime is obvious as a matter of law, and it's a matter for which we would have de novo review, and we can see all of it here, why shouldn't we just argue about the merits? Your Honor, the – You seem to avoid that question. I keep asking you about the merits, and I understand you don't want to talk about it, but – Your Honor, the reason that we think that the judge should have an opportunity to weigh in on the merits in the first instance is we do think that there are arguments that could be offered in support of that prejudice claim, especially given the state of the case law now. First of all, there is no – there is no case that has dealt with the aggravated felony statute at issue in this case, which is Washington's robbery statute. The government has cited cases that deal with California robbery. But here, there's a – Well, that only goes to question whether it's an aggravated felony, not to prejudice. You say there's prejudice elements you can argue in district court? Well, Your Honor, the reason that the aggravated felony analysis would be important to whether there's prejudice or not is because that would determine whether there's a whole host of potential relief available to him. The government's argument is that because there's an aggravated felony, that there would be no possibility of prejudice. What is – what relief is there if there's an aggravated felony? What potential relief is there? If there's an aggravated felony, then there wouldn't be any potential relief, Your Honor. But the court did not weigh in on, in the first instance, whether there's even a valid challenge to – Yeah, well, we – you know, it's black-letter law that we can affirm on any ground. So if it is apparent to us that this is an aggravated felony either because of a risk of violence or because this is a generic theft offense, I think the game's over. So I think you need to confront the question as to the characterization of that 2004 burglary conviction. Your Honor, in confronting that, if we look at Washington's robbery statute, and this is cited in the government's brief in full, there's a provision in there that distinguishes it from California robbery. When it comes to violence, the provision is – How about theft offense? Because I think theft offense is actually easier. Well, with respect to – Easier for the government. Your Honor, with respect to a theft offense, the issue there is that there – the Washington robbery statute allows for a withhold – with a withholding of property. It doesn't require a – there's not a requirement there be a taking. There can be a wrongful withholding after a lawful taking. And all of these issues we think are ones that the court should weigh in on in the first instance here. You just think we should remand the district court to determine this question rather than to determine ourselves? Well, Your Honor, I think that we have to here because what happened here is there was insulation of this element. It's not an issue where the court looked at due process and they got it wrong. The court just said I'm not going to entertain a challenge to the only factual evidence that was offered in support of an essential element, and that is structural error. Let's hear from the government. We've taken you over time. We'll give you a minute to respond. Thank you, Your Honor. May it please the Court. Christopher Alexander for the United States. Mr. Alvarado raised essentially one issue before this court, and that's whether the district court properly denied his motion collaterally attacking the June 27, 2006, order of deportation. We believe that the district court got it right for several reasons. First, as the court noted, he's an aggravated felon, and only now at oral argument is the defendant or Mr. Alvarado's counsel even raising this as an issue. It's nowhere in his brief. It's nowhere in his reply brief. Counsel, I have to say I'm a little puzzled by the argument because he's argued that it's structural error because the district court didn't consider it. But if I'm looking at the district court's order, the district court has gone through 18 U.S.C. 16B. It went through the analysis. It found that the conviction here was not categorically a crime of violence under 16A and therefore turned to 16B and made findings of fact. So it looks like he has addressed it on the merits. That's correct. It was argued extensively in the district court as to whether or not this was a crime of violence, and the district court did make that finding. When we look at other cases that are comparable, those cases out of California dealing with the robbery statute do find that here, as in the Washington statute, there is, based on this offense, a substantial risk associated with robbing a person of property and taking it from them. What we had here, in addition to simply looking at the statute, the district court looked at not only the statute and the charging document, but also looked at the plea agreement that was associated with this case. And at the supplemental excerpts of record number 98, the plea agreement, he says, on May 22, 2004, in King County, Washington, I took a wallet and a hat from a person of the victim against his will by the threatened use of immediate force and fear of injury unlawfully with the intent to commit theft. That is about as clear as you can get under 16B that there is a risk. Yeah, but you would have to get to a modified categorical approach if you're going to do that. The district court didn't see any need to do that. Correct. It said that the theft offense in Washington was categorically within 16B, which merely entails a risk of violence to someone else. Correct. Correct. And getting back to Judge Fletcher's point about whether this is a theft offense, it's the United States position that it is, and generic robbery is a theft offense, and that's United States v. Velazquez-Bosque, a case from 2010. So here we have under either theory, whether it's a crime of violence or it's a theft offense, he was an aggravated felon. And as a result of being an aggravated felon, he was entitled to no relief. And a case that is actually somewhat comparable to this case is United States v. Reyes-Bonilla. This was a case in 2012. The defendant there challenged his removal in the district court and argued some of the issues that are raised here, namely that he didn't understand some of the documents that he signed. The immigration officer didn't explain them to him fully. The district court, after reviewing the documents themselves, and Mr. Reyes-Bonilla actually testified in that case, the district court found that there was no due process violation and did not reach the issue of prejudice. Mr. Reyes-Bonilla was convicted. The case came up on appeal. And during the appeal process, the appellate court noted, as Judge Fletcher points out, that the court can affirm on any point in the record. And while the appellate court found that Mr. Reyes-Bonilla did have a due process argument, he could not show prejudice because he was an aggravated felon. And that's essentially the same case that we have here. Mr. Alvarado is an aggravated felon. Again, it wasn't even challenged on appeal. The only issue that was raised on appeal is whether the district court properly found that there was a waiver of a collateral attack based on the plea agreement. But we don't even need to get there. Because he was an aggravated felon, he's entitled to no relief. And our position as well is that he suffered no due process violation. As Judge Bybee points out, this was a stipulated removal. So the defendant and the language of the stipulation is both in English and in Spanish. The defendant asserted in the district court in a relatively self-serving declaration that he didn't understand. It's such a common thing for lawyers to describe declarations as self-serving. It's a very unusual declaration that is not self-serving. Correct. If a lawyer puts in a declaration that's not self-serving, that's malpractice. So leave off the self-serving, please. Sure. He submitted a declaration in which he said he didn't understand what was going on. And that was regarding the removal proceeding that took place in 2006. He submitted a second declaration in this case in which he said that he didn't understand his 2007 plea agreement. Now, the district court made a finding regarding essentially the credibility of that declaration and rejecting it. The district court went through a series of facts that supported that the defendant actually did understand the nature of the proceedings and the plea agreement from 2007. But we don't even need to get to that. You don't even need to get to that. If the 2004 burglary conviction is aggregated felony, either because of a risk of violence or because it's a generic theft offense. That's correct. And our position is that, you know, again, there was no due process violation. So we wouldn't even get to the next step of whether there is prejudice. Finally, regarding the waiver of collateral attack, the defendant completed a 2007 plea agreement. And in the plea agreement, he agreed that he was going to waive any removal order. Now, the defense argues two points regarding that. First, that the order of removal is not the same as a reinstatement. And we agree that a reinstatement is not a order of removal. But the cases that were actually cited by the defense supports the position that it's all a reinstatement is a part of the exact same order of removal. It's all a part of the same thing. So when the original removal order was reinstated, so say, for example, he wanted to challenge his reinstatement, he would actually be challenging the original removal order. That's what he would be challenging. And, you know, there's case law that deals with that particular issue, and United States v. Arias-Ordonez is one of those cases. But in, for example, Morales v. Scioto v. Department of Homeland Security, it specifically states that because the reinstatement order is an order of removal, it is subject to the INA's zipper clause. So the idea is that courts address the entirety of the removal itself, and that would include the reinstatement. So our position is that when this stipulated deportation discusses an order of removal and the original order of removal was reinstated, that it's all a part of the same thing. So that's our position regarding that. The next issue that the defense raises is regarding the use of the word immediately, that either before or immediately following sentencing. And this is a sequence that takes place. The defendant is sentenced. He's told in the stipulation that he will not be deported until he has actually served his sentence. And then after he's served his sentence, he will actually be removed from the country. It is not a temporal limitation. For example, the order of removal must be entered in, you know, 10 days after the sentencing or, you know, within a month after sentencing. The idea is that it follows a sequence and that there's no timing issue associated with it. So this stipulated deportation provision is actually pretty clear. And this defendant had actually been through this process before. He had been convicted of a prior immigration offense once before. He knew that was the process that was going to take place. He would serve his sentence and then he'd be removed from the country. So for those reasons, we feel that the district court's decision should be affirmed in its entirety. Okay. Thank you very much. Thank you. We took you over, but we'll give you a minute. Thank you, Your Honor. Your Honor, there's one point that I want to address, and that is if we had a situation where I had sat down at the bench trial and before I even got a chance to stand up, the judge hit the gavel and said, I've heard enough. There's a conviction here. We, of course, would find that structural error. If the same thing had happened where we got the government presented evidence of you. Maybe it is and maybe it isn't, but in the usual case, you have to show prejudice. In other words, if you had your chance, what would you have said that would have made a difference? I believe that. You can assume it's structural error. There's no case that says it's structural error. Your Honor, I believe that there is a case. Smith-Boltaire says that if an essential element of the crime, there is no ‑‑ But you have a finding. You told us that there was structural error. The district court didn't address this, but the district court did address it. It addressed the 16B question. Your Honor, the district court did not address the 2006 removal. The district court addressed the 2005 administrative removal. It addressed the underlying crime for which your client is not eligible to come back into this country without suffering criminal penalties. And that crime it addressed very clearly in an order, and it said it's in violation of 18 U.S.C. section 16B. That's not structural error. It said that in the context of the 2005 administrative removal that the government did not offer in the trial. The only evidence that was offered at trial was the ‑‑ But it's the same. You have the same underlying crime. You have the same problem. The guy is still convicted in the state of Washington of a theft offense, but it's also a violent crime. And the district court has addressed that and addressed it very clearly. Your Honor, even if there was a whole body of evidence that we were aware of that could be offered at trial that would cause a problem for the defense, if the trial is ‑‑ if the defendant is not allowed to challenge each essential element, then there has been a structural error in the trial, and that's what happened here. Okay. We got the position. Thank you, Your Honor. I thank both sides for their arguments. United States v. Alvarado Peneda now submitted for decision.
judges: Tashima, Fletcher, Bybee